Reese, J.
delivered the opinion of the court.
Ingram purchased of Morgan a tract of land, and took from him a deed of conveyance, with covenants of seizin, title to convey, and general warranty, and he went into possession. At the time of the sale Morgan had no' title, except a bond from one Rivers, whose wife was one of the heirs of one Rhodes, (these heirs being owners of the land,) and Morgan did not communicate to complainant, that he had no title, or a title so defective as almost to amount to no title. Rivers is dead, and more than a thousand dollars of the consideration from Morgan to the administrators is unpaid, and legal proceedings to subject the land to the payment ofit havebeen commenced. Morgan is utterly insolvent. The last of the price or consideration to be paid by Ingram to Morgan is a note, which Morgan passed by delivery, and without endorsement, to Garrett, in payment of a precedent debt. Upon this note Morgan, for the use of Garrett, *68 has obtained a judgment at law, and this bill is filed to enjoin that judgment. And the first enquiry is, whether complainant, as against Morgan, is entitled to relief in equity? and we think he is; 1st. The confidence between vendor and vendee requires where such defects of title as those of the case before us existed at the time of the sale, that they should be stated by the vendor to the vendee, and the suppression of them amounts to fraud. 2ndly. Upon the covenants of seizin and title to convey, Ingram has a present and active right of action at law against Morgan for breaches of those covenants of the deed, and he could not fail to recover to the extent of the unpaid consideration due to the ad ministrators. This indeed would repel him from a Court of Chancery, but that Morgan is admitted to be utterly insolvent, and a judgment against him would be worthless. This differs from a covenant of warranty, where there is no present right of action, and can never be till eviction, which may never take place; and where, therefore, a Court of Chancery will grant no relief against the payment of the consideration, on the joint grounds of a defect of title, and the insolvency of the vendor. Does Garrett stand in a better situation than Morgan in the present case? We are of opinion that he does not; he received the note in payment of a pre-existing debt, and without endorsement. He has not the legal title to the note, and did not receive it in the due course of trade. There is no principle of public commercial policy to come in aid of his claim, and the circumstances under which he took the note are not identical with those set forth in the case of Ingram vs. Vaden, (3d Hump. 51.) so as to repel the complainant from setting up his equity as against him. The promises he made to pay, in ignorance of his condition with regard to title, will not prevent him from resisting the payment of the note. So far as Garrett has any equity, it is founded upon the satisfaction of his pre-existing debt against Morgan, and he has no legal title. Ingram’s equity is prior in point of time, and must prevail in point of right. Let the decree of the Chancellor be affirmed.